T.C. Memo. 1997-125


UNITED STATES TAX COURT


LARS E. FREDRICKSON, JR., & DONNA J. FREDRICKSON, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 24751-95.                    Filed March 11, 1997.


Lars E. Fredrickson Jr., and Donna J. Fredrickson, pro sese.

Allan D. Hill, for respondent.


MEMORANDUM OPINION


FOLEY, Judge:  By notice dated September 21, 1995, respondent determined a deficiency in petitioners' 1992 Federal income tax of $31,071.  The issues for decision are as follows:

1.   Whether petitioners, pursuant to section 104(a)(2), are entitled to exclude amounts received in settlement of a class action suit.  We hold they are not.

2.   Whether petitioners, pursuant to section 162, are entitled to an above-the-line deduction for legal fees.  We hold they are not.

Unless otherwise indicated, all section references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

The facts have been fully stipulated under Rule 122 and are so found.  At the time the petition was filed, petitioners resided in Eureka, California.

On June 1, 1979, a class action suit against State Farm General Insurance Co., State Farm Mutual Automobile Insurance Co., State Farm Life Insurance Co., and State Farm Fire and Casualty Co. (State Farm) was filed in the U.S. District Court for the Northern District of California, Kraszewski, et al. v. State Farm Gen. Ins. Co..  The plaintiffs alleged that State Farm, in violation of title VII of the Civil Rights Act of 1964 (Title VII), had discriminated against women in the hiring of its insurance agents.  On November 6, 1981, the District Court bifurcated the litigation into a liability and a remedy phase.

On April 29, 1985, the District Court ruled in the liability phase that State Farm was liable under Title VII for classwide discrimination on the basis of sex.  Specifically, it ruled that women who attempted to become trainee agents were "lied to, misinformed, and discouraged in their efforts to obtain the entry level sales position."  The court found State Farm liable with respect to "all female applicants and deterred applicants who, at any time since July 5, 1974, have been, are, or will be denied recruitment, selection and/or hire as trainee agents by defendant companies within the State of California."

On May 1, 1987, Donna Fredrickson (petitioner) applied to become a State Farm trainee agent.  State Farm rejected her application and appointed a male applicant.  Petitioner subsequently joined the class action suit against State Farm. The parties to the class action subsequently reached an agreement in a consent decree as to the remedy phase of the litigation. The consent decree provided for individual hearings to determine each claimant's entitlement to damages and the amount of such damages.

Petitioner ultimately prevailed in her claim against State Farm.  In February of 1992, petitioner and State Farm entered into a settlement agreement entitled "Settlement Agreement and General Release".  That agreement provided in relevant part:

> The approximate full value of [petitioner's] claim
> under the Consent Decree damage formula as of February
> 1, 1992, is $173,057.00, which represents back pay as a

State Farm agent accrued from the year of the challenged appointment to February 1, 1992, plus six months of front pay from that date forward.

b. <u>Settlement Cash at 87.5% Acceptance Rate</u>: State Farm offers [petitioner] Settlement Cash of $135,000.00, which is approximately 78% of the estimated full Consent Decree value of her claim, to release her claims against State Farm.

\*      \*      \*      \*      \*      \*      \*

c. <u>Incentive Cash for Acceptance Rate Above 90%</u>: The Incentive Cash will be $1,800.00 per claimant for each full percentage point by which the Acceptance Rate * * * exceeds 90%.

\*      \*      \*      \*      \*      \*      \*

e. <u>Attorney's Fees</u>: The payments State Farm is offering to [petitioner] include her attorneys' fees and costs * * *. That is, [petitioner] will have to pay her attorneys' fees * * * out of the payment State Farm makes to her. * * *

Petitioner accepted the terms of the settlement agreement. As a result, in 1992 State Farm issued petitioner and her attorney a $151,200 check ($135,000 plus a $16,200 Acceptance Rate bonus amount). Petitioner's attorney retained legal fees of $37,841 and the $113,359 balance was paid to petitioner.

Petitioners reported on their 1992 joint Federal income tax return $5,270 of the $151,200 amount. Respondent determined that the entire $151,200 should have been included in petitioners' gross income. The petition in this case was filed on November 24, 1995.

## Discussion

I. <u>Excludability of Settlement Proceeds Under Section 104(a)(2)</u>

Except as otherwise provided, gross income includes income from all sources. Sec. 61; <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426 (1955). While section 61(a) is to be broadly construed, statutory exclusions from income must be narrowly construed. <u>Commissioner v. Schleier</u>, 515 U.S. \_\_\_, 115 S. Ct. 2159, 2163 (1995).

Under section 104(a)(2), gross income does not include "the amount of any damages received (whether by suit or agreement and whether as lump sums or as periodic payments) on account of personal injuries or sickness". Section 1.104-1(c), Income Tax Regs., provides that "The term 'damages received (whether by suit or agreement)' means an amount received * * * through prosecution of a legal suit or action based upon tort or tort type rights, or through a settlement agreement entered into in lieu of such prosecution." Thus, an amount may be excluded from gross income only when it was received both: (1) Through prosecution or settlement of an action based upon tort or tort type rights and (2) on account of personal injuries or sickness. <u>Commissioner v. Schleier</u>, 515 U.S. at \_\_\_, 115 S. Ct. at 2166-2167

Where amounts are received pursuant to a settlement agreement, the nature of the claim that was the actual basis for settlement controls whether such amounts are excludable under section 104(a)(2). <u>United States v. Burke</u>, 504 U.S. 229, 237 (1992); <u>Robinson v. Commissioner</u>, 102 T.C. 116, 126 (1994), affd. in part, revd. in part and remanded 70 F.3d 34 (5th Cir. 1995).

The critical question is "in lieu of what was the settlement amount paid?" Bagley v. Commissioner, 105 T.C. 396, 406 (1995). Determination of the nature of the claim is a factual inquiry. Robinson v. Commissioner, supra at 127.

The amounts petitioner received under the settlement agreement were intended to settle petitioner's claim under Title VII. Although the settlement agreement does not contain a specific statement to that effect, the surrounding circumstances establish that Title VII is the underlying claim. Petitioner was a member of a class action suit asserting a claim of discrimination under Title VII. The District Court ruled that State Farm was liable under Title VII to all members of the class who had been discriminated against and ordered individual hearings. State Farm and the plaintiffs to the class action suit agreed on a procedure and a formula to ascertain the amount owed, if any, to each individual claimant. Petitioner's damages under the consent decree were ascertained, and petitioner was paid an amount equal to 78 percent of her full claim under the consent decree, plus a bonus amount. Thus, the consent decree implemented the District Court's ruling that State Farm was liable under Title VII, and the settlement agreement represented a compromise and settlement of petitioner's rights under the consent decree. As a result, we conclude that petitioner's settlement proceeds were intended to settle her Title VII claim

and that the U.S. Supreme Court's decision in United States v. Burke, supra, controls.

In Burke, the Court considered whether amounts received in settlement of a claim under Title VII were excludable under section 104(a)(2). The Court analyzed Title VII and concluded that it did not provide for remedies to recompense claimants for tort type personal injuries. Instead, the Court noted that the statute offered only injunctions, back and front pay, and other equitable relief. Id. at 238-239. As a result, the Court concluded that Title VII did not redress tort type personal injuries and consequently that settlement proceeds based on such a claim are not excludable under section 104(a)(2).

Petitioner contends that remedies available to her under other laws redressed tort type personal injuries, and that the settlement was partially intended to settle these claims. Petitioner emphasizes that the consent decree indicated that State Farm was concerned about its liability under other laws and that the settlement agreement provided that petitioner released all claims she had against State Farm under Title VII and other laws. Petitioner has failed, however, to establish the amount, if any, attributable to claims under other laws. As a result, petitioner has failed to prove that any part of the settlement proceeds is excludable. See Getty v. Commissioner, 91 T.C. 160, 175-176 (1988), affd. on this issue, revd. on other issues 913 F.2d 1486 (9th Cir. 1990).

Accordingly, we conclude that petitioners are not entitled to exclude any part of the $151,200 settlement proceeds under section 104(a)(2).

II.  Deductibility of Legal Fees

Petitioner contends that her legal fees are ordinary and necessary business expenses deductible under section 162. Respondent contends that the legal fees are deductible under section 212(1) as an expense for the production of income and treated as a miscellaneous itemized deduction under section 67. We agree with respondent.  Such legal fees are deductible to the extent they exceed 2 percent of petitioners' adjusted gross income.  See also sec. 1.67-1T(a)(1)(ii), Temporary Income Tax Regs., 53 Fed. Reg. 9875 (Mar. 28, 1988).

We have considered all other arguments made by the parties and found them to be either irrelevant or without merit.

To reflect the foregoing,

Decision will be entered under Rule 155.